# Cases

# SECOND DEPARTMENT

AT

# GENERAL TERM,

## May, 1893.

ALLEN P. BECKER, Respondent, v. NATIONAL PROHIBITION PARK COMPANY, Appellant.

*Building contract — extra work.*

When the owner of premises, with whom a builder has contracted to erect a building for a stipulated price, agrees to do the preliminary grading, and violates such agreement, and the contractor, in the performance of his duty, to mitigate the damages caused by such violation of the owner's agreement, furnishes extra work made necessary because of such defective grading, he will be entitled to recover from the owner for such extra work.

APPEAL by the defendant, National Prohibition Park Company, from a judgment of the Supreme Court, entered in the office of the clerk of Richmond county on the 20th day of October, 1892, upon a verdict in favor of the plaintiff rendered at the Richmond Circuit, and from an order entered on the 19th day of October, 1892, denying the defendant's motion for a new trial made upon the minutes.

*Allen S. Bacon*, for the appellant.

*W. J. Powers*, for the respondent.

BARNARD, P. J.:

The defendant employed the plaintiff to furnish the materials, except stone, and to do the work for the erection of some 400 feet of sheds in Richmond county. It was admitted that the last installment, $565, was unpaid. The plaintiff seeks to recover this sum

and $22.50 in addition for extra work. The answer avers that the materials were not good, and also that the work was not skillfully done, to the defendant's damage of $250. The answer also avers a tender of the last installment of $565, which the plaintiff refuses to take. Upon the trial the principal issue was as to the extra work. The agreement bound the plaintiff to lay up the stone piers under the shed and the defendant was to furnish the stone. The defendant was to do the grading. The plaintiff gave evidence tending to show that the defendant did not make an even grade or a good grade. That the piers were of irregular height, and made higher in some cases by reason of a greater excavation than was needed at particular points, and that the plaintiff was compelled to do the rest of the work to carry up these piers higher than the contract and specifications called for. That the defendant's superintendent told the plaintiff to do the work and that he must use small stones of the defendant, instead of one stone as was designed and not of uniform height. The defendant gave evidence tending to contradict plaintiff's theory, and the case went to the jury under a charge from the court that if the $22.50 was made necessary by the improper grading of defendant, plaintiff was entitled to recover therefor. It was a pure question of fact, and the finding of the jury should settle it. The fact being settled, the principle of law is sufficient to support the plaintiff's claim. The defendant violated an independent contract upon which the plaintiff's contract rested. It was plaintiff's duty to mitigate the damages, therefore, as much as he could, and to that end he furnished the work necessary to accommodate the defective work of the defendant. He was thus entitled to recover for his extra expenditure. (*Kidd* v. *McCormick*, 83 N. Y. 391.)

The judgment must be affirmed, with costs.

PRATT, J., concurred.

Judgment affirmed, with costs.